# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WILLIE ROSS,**                                                                 **PETITIONER**

**v.**                                                                **No. 1:10CV265-B-S**

**JAMES M. HOOD, ET AL.**                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Willie Ross for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Ross has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the instant petition dismissed as untimely filed.

## Facts and Procedural Posture

Willie Ross pled guilty to burglary of a dwelling in the Circuit Court of Lowndes County, Mississippi. He was sentenced on May 23, 2002, to serve a term of twenty-five years without parole in the custody of the Mississippi Department of Corrections. Two other counts of the indictment (burglary of a dwelling (Count II) and receiving stolen property (Count III)) were retired to the file in exchange for Ross's guilty plea, as were "all charges pending in Oktibbeha County Mississippi, [and] Clay County Mississippi."

Ross signed a "Motion for Post-Conviction Relief" on May 18, 2005, which he filed in the Circuit Court of Lowndes County, Mississippi. The motion was denied by the Lowndes County Circuit Court on August 5, 2005. Ross then appealed the lower court's denial of relief, and on August 22, 2006, the Mississippi Court of Appeals affirmed the lower court's decision.

*See Ross v. State,* 936 So. 983 (Miss. Ct. App. 2006) (Cause No. 2005-CP-01799-COA).

On August 31, 2007, Ross filed a "Successive Motion for Post-Conviction Relief to Vacate and Set Aside Sentence" in the Lowndes County Circuit Court. Ross's motion was denied on December 4, 2007. Ross appealed the lower court's denial of relief which was affirmed. *See Ross v. State,* 19 So. 3d 108 (Miss. Ct. App. 2009), *reh'g denied,* June 30, 2009, *cert. denied*, October 15, 2009.

Ross filed yet a third appeal in Lowndes County Circuit Court Case No. 2002-105-CVI (which is also the lower court number for the first two post-conviction motions discussed above). This appeal, docketed as Cause No. 2010-TS-1651 is currently pending before the Mississippi Supreme Court. The docket of that appeal reflects a lower court ruling date of September 1, 2010. The Lowndes County Circuit Court confirmed (upon inquiry by the state) that Ross did, indeed, sign a third motion for post-conviction relief on August 2, 2010, that was filed in that court on August 12, 2010, and denied on September 1, 2010. Although Ross indicated on the face of his motion that he was challenging the plea and sentence at issue, the argument contained within reflects that he is instead challenging charges from a 1999 indictment that were used to support the portion of his indictment alleging that he was a habitual offender. *Id.*

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

A federal petition for a writ of *habeas corpus* must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The exceptions of § 2244(d)(1)(B-D) do not apply to the facts of this case. Although Mississippi statutory law does not support the direct appeal of a guilty plea, case law does support such an appeal when the petitioner challenges the legality of his sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Ross's conviction became final on June 24, 2002, thirty days after he was sentenced on his guilty plea.[1] *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (court must include the time permitted to seek a direct appeal in its computation of the date a petitioner's conviction becomes final). Thus, the deadline for seeking federal *habeas corpus* relief became June 24, 2003. Ross did not seek state post-conviction relief

---

[1] Thirty days is the period of time allowed for seeking review of an alleged illegal sentence under state law. The thirty-day period in this case would have fallen on June 22, 2002, a Saturday. Therefore, the deadline for Ross to seek a direct appeal of his conviction became Monday, June 24, 2002.

on or before June 24, 2003; as such, Ross does not benefit from statutory tolling, and his *habeas corpus* deadline remained June 24, 2003. *See* 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 10, 2010, and the date it was received and stamped as "filed" in the district court on October 13, 2010. Giving Ross the benefit of the doubt by using the earlier date, the instant petition was filed 2,665 days after the June 24, 2003, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day January, 2011.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE